UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GARY LABARBERA and FRANK FINKEL,
as Trustees of Local 282 International
Brotherhood of Teamsters Welfare, Pension,
Annuity, Job Training and Vacation Sick Leave
Trust Funds,

                Plaintiffs,

    -against-                                  ORDER
                                                     CV-08-3385 (CPS)
GIACOMELLI TILE, INC. ,

                Defendant.
------------------------------------------------------------X
GOLD, S., *United States Magistrate Judge*:

       Plaintiffs, trustees of union benefit funds, bring this action to recover delinquent benefit contributions from defendant. Upon plaintiffs' application and in light of defendant's failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of the defendant on December 24, 2008. The Honorable Charles P. Sifton then referred the matter to me to conduct an inquest and to report and recommend on the amount of damages, if any, to be awarded.

       Even after entry of default, a court retains discretion over whether to grant a final default judgment. *Palmieri v. Town of Babylon*, 277 Fed. Appx. 72, 74 (2d Cir. 2008) (summary order); *Shah v. N.Y. State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999); *Acceptance Ins. Co. v. Home Med. of Am., Inc.*, 2005 WL 3471780, at *2 (S.D.N.Y. Dec. 20, 2005). Although insufficiency of service is an affirmative defense that is waivable if not raised by a defendant, a court may appropriately review the adequacy of service before entering a default judgment. *Palmieri*, 277 Fed. Appx. at 74; *Kucher v. Alternative Treatment Ctr. of Paterson, LLC*, 2009 WL 1044626, at *4 (E.D.N.Y. Mar. 27, 2009); *Forsberg v. Always Consulting, Inc.*, 2008 WL

5449003, at *17-18 (S.D.N.Y. Dec. 31, 2008); *Thomas v. Dunkin Donuts, Inc.*, 2008 WL 842431, at *2 (E.D.N.Y. Mar. 28, 2008); *Acceptance Ins. Co.*, 2005 WL 3471780, at *2.

Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, such as defendant here, may be served by hand delivery of a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service," or by any method permitted by the law of the state where the district court is located or where service is made. The laws of New York and New Jersey, where service was made, are similar to the Federal Rules with respect to service upon a corporation. *See* N.Y. C.P.L.R. 311(a); N.J. Court Rule 4:4-4(a). Moreover, and relevant to the service issue in this case, courts in the Second Circuit and in New York have held that a corporation is sufficiently served where an employee of the corporation with apparent authority to accept service did so, so long as the process server diligently attempted to comply with the rules of service and the manner of service gave the corporation fair notice of the lawsuit. *See Thomas*, 2008 WL 842431, at *2; *Tadco Constr. Corp. v. Peri Framework Sys., Inc.*, 460 F. Supp. 2d 408, 411-12 (E.D.N.Y. 2006) (collecting cases); *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 145-46 (S.D.N.Y. 2000).

According to the affidavit of service here, plaintiffs' process server delivered the summons and complaint to "WARREN as AUTHORIZED TO ACCEPT" service on behalf of the corporation. Docket Entry 2. Although the Collective Bargaining Agreement between Local 282 and defendant indicates that Warren Giacomelli is the president of the corporation, the affidavit of service indicates only that an individual named Warren – no last name – was served. The individual served may or may not be the president of Giacomelli Tile. Moreover, it is not

clear whether the process server inferred that the individual named Warren was authorized to accept service or whether Warren actually stated that he was an authorized agent or officer.

Under these circumstances, I cannot determine whether defendant was properly served. Accordingly, plaintiffs shall file an affidavit providing further details of the service upon defendant no later than May 20, 2009. Upon receipt of this Order, plaintiffs are hereby directed promptly to serve a copy of this Order by certified mail, return receipt requested, on defendant at its last known address, and to provide the Court with a copy of the return receipt.

**SO ORDERED.**

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated: Brooklyn, New York
May 6, 2009