```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```
GARY LABARBERA and FRANK FINKEL,
as Trustees of Local 282 International
Brotherhood of Teamsters Welfare, Pension,
Annuity, Job Training and Vacation Sick Leave
Trust Funds,

                      Plaintiffs,

         -against-
                                                 REPORT &
                                                 RECOMMENDATION
                                                 CV-08-3385 (CPS)

GIACOMELLI TILE, INC. ,

                      Defendant.
```
-----------------------------------------------------------X
```
GOLD, S., *United States Magistrate Judge*:

      Plaintiffs bring this action to recover delinquent benefit contributions from defendant. The Honorable Charles P. Sifton has referred plaintiffs' motion for default judgment to me to report and recommend on the amount of damages, if any, to be awarded.

      The Clerk of the Court noted the default of the defendant on December 24, 2008. After reviewing the affidavit of service, however, I became concerned about whether the complaint had been properly served. More specifically, I noted that the affidavit of service indicates only that an individual named Warren – no last name – was served, leaving it unclear who "Warren" was and whether he was authorized to accept service on behalf of the corporate defendant. Accordingly, I directed plaintiffs to provide additional details about the precise manner in which service was accomplished. Order dated May 6, 2009, Docket Entry 10.

      On May 20, 2009, plaintiffs submitted an affirmation of their counsel, Woomee Lee ("Lee Aff."). Docket Entry 12. In that affirmation, Ms. Lee describes a conversation she had with Howard Appel, the owner of Statewide Subpoena Service. Statewide apparently employed the process server who served the complaint on "Warren." Mr. Appel reported to Ms. Lee that he

reviewed "records regularly maintained by his office," and based on those records reported that

> when [the process server] entered defendant's principal place of
> business, he sought a person authorized to receive service on
> behalf of the corporation. At that time, an individual who would
> only identify himself as "Warren" approached [him]. When asked
> for his last name, [Warren] refused to disclose it. When asked if he
> was an individual who was authorized to accept service. . . ,
> [Warren] responded, yes, he was.

Lee Aff. ¶ 4.

For the reasons that follow, I find that the affirmation of plaintiffs' counsel is insufficient to establish proper service on the defendant in this action. First, the affirmation is from counsel and not from the process server or even the supervisor of the process server. Moreover, plaintiffs do not provide copies or even a description of the records Mr. Appel reviewed in answering counsel's questions concerning service; without more specific information, it is possible that the only "record" maintained by Statewide Subpoena Service is the same affidavit from the process server that I found to be insufficient to establish that defendant was properly served.

My concerns about whether proper service was made are heightened by the troubling concession in Ms. Lee's affirmation that, although she attempted to obtain an affidavit from the process server, she was unable to do so. Lee Aff. ¶ 6. In an even more disturbing revelation, Ms. Lee reports that she is no longer able to reach Mr. Appel, and that all telephone numbers of Statewide Subpoena Service have been disconnected and are not in service. *Id.*

Second, even if I were to accept Mr. Appel's statements as true, my original concerns about whether this defendant was properly served would remain unresolved. Although a process server may reasonably rely on corporate employees to identify who is authorized to accept legal service on behalf of the corporation, *Fashion Page, Ltd. v. Zurich Ins. Co.*, 50 N.Y.2d 265, 272

(1980), the process server's reliance here, objectively viewed, was not reasonable. The process server here made no attempt to ascertain the title or corporate position of the individual who accepted the papers or even to inquire whether the individual was actually an employee of the defendant corporation. *See Fashion Page*, 50 N.Y.2d at 273 (noting in dicta that service on a receptionist, who was not an employee of the defendant, "without any inquiry [by the process server] as to whether she is a company employee," would be insufficient to accomplish service on a corporation). Moreover, inasmuch as defendant failed to answer the complaint, there is no evidence that defendant received actual notice of the lawsuit, either because the individual re-delivered the papers to an authorized agent or through other means. *See Kemp v. A&J Produce Corp.*, 2005 WL 5421296, at *23 (E.D.N.Y. June 7, 2005). Under these circumstances, I find that plaintiffs' service on defendant was deficient. *See*, *e.g.*, *Ainbinder v. R.C.R. Contracting, Inc.*, 204 A.D.2d 582, 583 (2d Dep't 1994) (finding service on a corporation deficient where process server, "without attempting to locate a suitable individual for service, simply delivered the summons and complaint to a woman known only as Alyssa 'Doe' who did not indicate that she worked for the corporation or had any affiliation with it"); *cf. Thomas v. Dunkin Donuts, Inc.*, 2008 WL 842431, at *2 (E.D.N.Y. Mar. 28, 2008) (finding service sufficient where process server was directed to an individual who identified himself by name and stated that he was the manager of defendant's store and was authorized to accept service); *DCH Auto Group (USA), Inc. v. Fit You Best Auto., Inc.*, 2007 WL 2693848, at *4 (E.D.N.Y. Sept. 12, 2007) (finding service sufficient where individual identified himself as a corporate employee, accepted service, and signed the process server's receipt log, and also finding that the corporation had actual notice of the lawsuit).

Accordingly, I respectfully recommend that plaintiffs' motion for default judgment be denied for failure to effect service on defendant. Pursuant to Federal Rule of Civil Procedure 4(m), however, I further recommend that plaintiffs be granted sixty days to serve defendant and to file proof of service with the Court.

Any objections to the recommendations made in this Report must be filed within ten days of this Report and Recommendation and, in any event, on or before June 17, 2009. Failure to file timely objections may waive the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/
**STEVEN M. GOLD**
**United States Magistrate Judge**

Dated:	Brooklyn, New York
	June 2, 2009